UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Case No.

CORRAL OF WESTLAND, LLC
D/B/A GOLDEN CORRAL RESTAURANT,
KIRIT PATEL AND SHAKUNTLA PATEL.
_____/

## COMPLAINT

The United States of America alleges:

### NATURE OF THE CLAIM

1. This action is brought by the United States to enforce title III of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§12181 *et seq.* and its implementing regulation, 28 C.F.R. part 36, based on an investigation initiated by the United States Attorney's Office for the Eastern District of Michigan after receiving a complaint filed by Danielle Duford, on behalf of herself and her minor children ("the Complainants"). The Complainants allege that Corral of Westland, LLC d/b/a Golden Corral Restaurant, and its owners, Kirit Patel and Shakuntla Patel, by and through their agent David Robinson, the manager of The Golden Corral Restaurant in Westland, MI, discriminated against them on the basis of their disability, or their association with individuals with a disability, by denying them service and ejecting them from the restaurant because of the appearance of several of the children's skin caused by a genetic disorder. 42 U.S.C. §§12188(b).

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §12188.

3. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §12182(a); 28 C.F.R. §36.201, which prohibits discrimination against an individual on the basis of their disability "in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

4. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. §12182(b)(1)(E), which prohibits public accommodations from excluding or otherwise denying "equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

5. The United States is authorized to investigate alleged violations of title III of the ADA and to bring a civil action in federal court if the United States has reasonable cause to believe that any person or group of persons has been discriminated against under this subchapter and such discrimination raises an issue of general public importance. 42 U.S.C. §12188(b)(1)(A)-(B). The United States may seek damages, civil penalties, and full compliance with title III's provisions. *Id.*; 28 C.F.R. §36.504.

6. Ensuring that public accommodations, including restaurants, do not discriminate against people with disabilities is an issue of general public importance. 42 U.S.C. §12188(b)(1)(B).

7. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Eastern District of Michigan, all Defendants reside and/or do business in the Eastern District of Michigan, and the claims concern or otherwise relate to real property located in the Eastern District of Michigan.

## PARTIES

8. Defendants are Corral of Westland, LLC d/b/a Golden Corral Restaurant, Kirit Patel, and Shakuntla Patel. Corral of Westland, LLC d/b/a Golden Corral Restaurant ("The Golden Corral") is a privately owned restaurant franchise of the Golden Corral Corporation, located at 37101 Warren Road, Westland, Michigan 48185.

9. Kirit Patel and Shakuntla Patel (collectively "the Patels") are the owners and operators of The Golden Corral. At all times relevant to this Complaint, the Patels have made management decisions for the operation of The Golden Corral, including directing agents such as restaurant manager, David Robinson, to carry out their policies, procedures, and decisions. The Golden Corral and the Patels are vicariously liable for the actions of their agents and employees, including restaurant manager David Robinson.

10. The Golden Corral restaurant is a place of public accommodation under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104. Corral of Westland, LLC d/b/a Golden Corral Restaurant, Kirit Patel and Shakuntla Patel, as owners and operators of The Golden Corral restaurant, are likewise covered by title III of the ADA. 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104.

11. The Complainants are individuals with, or associated with individuals with, a disability, and covered by title III of the ADA, 42 U.S.C. §§12102(1) & (3), 12182(b); 28 C.F.R. §36.104.

FACTUAL ALLEGATIONS

12.     On or about May 23, 2011, Complainant Danielle Duford went to the Golden Corral restaurant, a buffet-style restaurant located at 37101 Warren Road, Westland, Michigan 48185 to have dinner with four of her daughters, J.C., R.C., A.C., and S.C., who at that time were ages 9, 7, 6, and 14 months, respectively.

13.     J.C., R.C., and S.C. have a disability as defined by the ADA, 42 U.S.C. §12102, in that they have a physical impairment that substantially limits one or more of their major life activities. Specifically, they all suffer from epidermolysis bullosa, a genetic disease that causes the skin to be so fragile that the slightest friction can cause severe blistering. *See* National Center for Biotechnology Information, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002428/. Epidermolysis bullosa is not a contagious disease or condition. *Id.*

14.     In addition, because the manager of Golden Corral based his exclusion of the Complainants on a physical impairment, Defendants regarded Complainants as individuals with disabilities as defined by the ADA. 42 U.S.C. §12102(3).

15.     Danielle Duford and A.C. have a relationship with J.C., R.C., and S.C., as their mother and sister, respectively, and they accompanied the other children to the Golden Corral on the date of the incident.

16.     After paying for the buffet for each of them and receiving their drinks, Ms. Duford pulled two tables together because she was anticipating that her husband, Matthew Cripps, would be joining them as well. She placed S.C. in a high chair, and her other daughters sat with her at the table. Since it had been a warm spring day, all of the children were dressed in lightweight clothes that exposed their arms and legs.

17. Shortly after Ms. Duford and her daughters sat down, the manager of the Golden Corral restaurant, David Robinson, approached their table and asked Ms. Duford, "What is wrong with your baby?" Ms. Duford responded that there was nothing "wrong" with her, and explained that her daughter has a genetic skin disease called epidermolysis bullosa. Robinson replied that "she has scabs all over, so obviously there is something wrong with her." Robinson further said that the restaurant has "a right to ask what's wrong if it concerns our customers and is contagious." Ms. Duford repeated that her daughter has a genetic disease, and told Robinson that "it is not contagious."

18. Immediately thereafter, Robinson told Ms. Duford that she and her family had to leave the restaurant and "go find somewhere else to eat" because their presence was making other customers "uncomfortable." Ms. Duford became upset, and said that they had eaten at the restaurant before without any problems. Robinson stated that he had never seen them before, and issued them a refund of the money they paid for their meals.

19. Following Ms. Duford's and her daughters' removal from the restaurant, Matthew Cripps, who had just arrived at the Golden Corral with plans to join his family for dinner, went into the restaurant and complained to the manager about what transpired. The manager stated that he had a right to expel anyone from the restaurant that he wished, and demanded that Mr. Cripps leave the restaurant. When Mr. Cripps refused, the manager called the police, who arrived on the scene but made no arrests.

## COUNT I – ADA Title III
### Discrimination Based on Disability

20. Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs 1-19.

21. Through the actions outlined above, the Defendants—through their agent, David Robinson—discriminated against J.C., R.C., and S.C., by excluding and denying them equal access to the goods and services of the restaurant on the basis of their disability—specifically, their genetic skin disorder.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.302.

22. J.C., R.C., and S.C., were harmed by the Defendants' discrimination and therefore are aggrieved persons as defined in 42 U.S.C. §12188.

### COUNT II –ADA Title III
### Discrimination Based on Association

23. Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs 1-22.

24. Through the actions outlined above, the Defendants—through their agent, David Robinson—discriminated against Danielle Duford and A.C. by excluding and denying them equal access to the goods and services of the Golden Corral restaurant on the basis of their association with individuals with a disability—specifically their relationship with J.C., R.C., and S.C.  42 U.S.C. § 12182(b)(1)(E).

25. Danielle Duford and A.C. were harmed by the Defendants' discrimination and therefore are aggrieved persons as defined in 42 U.S.C. §12188.

### **PRAYER FOR RELIEF**

WHEREFORE, the United States demands judgment be entered against Defendants and prays that the Court enter an order that:

a. Declares that the Defendants violated title III of the ADA, 42 U.S.C. §§12181 *et seq.* and its implementing regulation, 28 C.F.R. part 36, as alleged herein.

b. Enjoins the Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

   i. Discriminating on the basis of disability, as prohibited by title III of the ADA, 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. part 36, in any aspect of the provision of goods and services at the Golden Corral restaurant;

   ii. Discriminating against any individual because of that individual's known relationship or association with an individual with a disability, as prohibited by 42 U.S.C. §12182(b)(1)(E) and 28 C.F.R. §36.205, in any aspect of the provision of goods and services at the Golden Corral restaurant;

   iii. Retaliating, coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by the ADA, 42 U.S.C. §12203.

c. Requires that Defendants establish a written policy for accommodating patrons with disabilities, as well as train all of their employees on the new policy and their obligations under the ADA generally;

  d.  Awards monetary damages to each person injured by the Defendants' conduct, pursuant to 42 U.S.C. §12188; and,

  e.  Assesses a civil penalty in the amount of $55,000 as authorized by 42 U.S.C. §12188(b)(2)(C)(i), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

              Respectfully submitted,

              ERIC H. HOLDER, JR.
              Attorney General

              */s/ Thomas E. Perez*
              THOMAS E. PEREZ
              Assistant Attorney General
              Civil Rights Division

              BARBARA L. McQUADE
              United States Attorney

              */s/ Susan K. DeClercq*
              SUSAN K. DeCLERCQ
              Assistant United States Attorney
              211 W. Fort Street, Ste. 2001
              Detroit, Michigan  48226
              (313) 226-9149
              Email: susan.declercq@usdoj.gov
              (P60545)

Dated: February 20, 2013