UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

CORRAL OF WESTLAND, LLC
D/B/A GOLDEN CORRAL RESTAURANT,
KIRIT PATEL AND SHAKUNTLA PATEL.

Civil Action No. 13-10717

District Judge Stephen J. Murphy III
Magistrate Judge Laurie J. Michelson

_____/

Barbara L. McQuade (P34323)
Susan K. DeClercq (P60545)
United States Attorney General Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9149
barbara.mcquade@usdoj.gov
susan.declercq@usdoj.gov

CLARK HILL PLC
Daniel J. Bretz (P34334)
Jeffrey A. Steele (P51497)
Attorneys for Defendants
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
jsteele@clarkhill.com

_____/

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, by and through their attorneys, and for its Answer to Complaint and Affirmative Defenses, state as follows:

1. Defendants deny that they, or any of their agents or employees, discriminated against Complainants on the basis of a disability, or on the basis of their association with someone with a disability. Defendants further deny that they, or any of their agents or employees, violated the Americans With Disabilities Act in any way.

2. Defendants neither admit nor deny the legal conclusions regarding the jurisdiction of this Court and leave Plaintiff to its proofs.

3. Paragraph 3 of Plaintiff's Complaint states legal conclusions for which an answer is not required. To the extent an answer is required, Defendants deny that they, or any of their agents or employees, violated the Americans With Disabilities Act in any way.

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion for which an answer is not required. To the extent an answer is required, Defendants deny that, or any of their agents or employees, violated the Americans With Disabilities Act in any way.

5. Paragraph 5 of Plaintiff's Complaint states legal conclusions for which an answer is not required. To the extent an answer is required, Defendants deny that they, or any of their agents or employees, violated the Americans With Disabilities Act in any way.

6. Paragraph 6 of Plaintiff's Complaint states a legal conclusion for which an answer is not required. To the extent an answer is required, Defendants deny that they, or any of their agents or employees, violated the Americans With Disabilities Act in any way.

7. Defendants admit that they reside and do business within the Eastern District of Michigan, and that the events alleged in the Complaint occurred within the Eastern District of Michigan. Defendants neither admit nor deny the conclusions of law alleged in Paragraph 7 of Plaintiff's Complaint and leaves Plaintiff to its proofs.

## PARTIES

8. Defendants admit that Coral of Westland, LLC, is a privately owned franchise operating as Golden Coral Restaurant. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint because they are untrue in the manner and form alleged.

9. Defendants admit that Kirit Patel and Shakuntla Patel are owners of Golden Coral of Westland, LLC. Defendants further admit that David Robinson was hired to manage a Golden Coral franchise restaurant owned by Kirit and Shakuntla Patel. Defendants deny the remaining allegations contained in Paragraph 9 because they are untrue in the manner and form alleged.

10. Paragraph 10 of Plaintiff's Complaint states legal conclusions for which an answer is not required. To the extent an answer is required, Defendants deny that they, or any of their agents or employees, violated the Americans With Disabilities Act in any way.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiff's complaint.

## FACTUAL ALLEGATIONS

12. Defendants admit that, on or about May 23, 2011, Danielle Duford entered the Golden Coral restaurant located on Warren Road in Westland, Michigan, along with four children. Defendants lack knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit that one of the children was placed in a high chair. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit that David Robinson offered to refund the money Complainants had paid. Defendants deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint because they are untrue in the manner and form alleged.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint because they are untrue in the manner and form alleged.

## COUNT I – ADA Title III
## Discrimination Based on Disability

20. Defendants incorporate by reference all preceding answers.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT II – ADA Title III
## Discrimination Based on Association

23. Defendants incorporate by reference all preceding answers.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff all the relief it requests, dismiss Plaintiff's Complaint in its entirely with prejudice, and award Defendants such further and additional relief as may be fair and just.

Respectfully submitted,

/s/ Jeffrey A. Steele
Daniel J. Bretz (P34334)
Jeffrey A. Steele (P51497)
Attorneys for Defendants
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
jsteele@clarkhill.com

## AFFIRMATIVE DEFENSES

I.

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

II.

Plaintiff's claims and requests for damages are barred, in whole or in part, by Complainants' own improper acts of omissions and/or commission.

III.

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

IV.

Complainants' damages, if any, are speculative and subject to appropriate set offs.

V.

Complainants' damages, if any, were not proximately or otherwise caused by the conduct of Defendants.

VI.

Complainants failed to mitigate their damages, if any.

VII.

Defendants reserve the right to add any additional Affirmative Defenses which may become known during the course of discovery or otherwise.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff all the relief it requests, dismiss Plaintiff's Complaint in its entirely with prejudice, and award Defendants such further and additional relief as may be fair and just.

Respectfully submitted,

/s/ Jeffrey A. Steele
Daniel J. Bretz (P34334)
Jeffrey A. Steele (P51497)
Attorneys for Defendants
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 965-8300
dbretz@clarkhill.com
Dated: March 25, 2013
jsteele@clarkhill.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Barbara L. McQuade and Susan K. DeClercq.

s/Gloria H. Smith
Daniel J. Bretz (P34334)
Jeffrey A. Steele (P51497)
Clark Hill, PLC
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
(313) 965-
Email address: jsteele@clarkhill.com
Attorney Bar No. P51497

6