**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
                Plaintiff,

v.

CORRAL OF WESTLAND, LLC
D/B/A GOLDEN CORRAL RESTAURANT,
KIRIT PATEL AND SHAKUNTLA PATEL,
                Defendants.
_____/

Case No. 2:13-cv-10717

HON. STEPHEN J. MURPHY III
United States District Judge

Laurie J. Michaelson
United States Magistrate Judge

## **CONSENT ORDER**

### I. PROCEDURAL AND FACTUAL BACKGROUND

1. The United States filed this action against Corral of Westland, LLC d/b/a Golden Corral Restaurant, Kirit Patel, and Shakuntla Patel, owners and operators of the Golden Corral restaurant in Westland, Michigan (collectively "Defendants"), on February 23, 2013, alleging that Defendants violated title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*. and its implementing regulation, 28 C.F.R. Part 36, which provide, among other things, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation," 42 U.S.C. § 12182(a).

2. The United States alleges that on or about May 23, 2011, Defendants, through their restaurant manager, improperly expelled Danielle Duford and her four minor children from the Golden Corral restaurant in Westland, Michigan, due to the children's genetic skin disorder,

1

epidermolysis bullosa, thereby denying them the full and equal enjoyment of the goods and services of the restaurant. Defendants and their employees deny these allegations.

3. The United States alleges that the conduct of Defendants as described in the Complaint and preceding paragraphs constitutes discrimination on the basis of disability or association with individuals with a disability in violation of the ADA. 42 U.S.C. § 12182(a) and (b)(1)(E); 28 C.F.R. § 36.302. Defendants and their employees deny any violation of the ADA.

4. The United States and Defendants agree that settlement of this matter without further litigation is in the public interest and that the entry of this Consent Order is the most appropriate means of resolving these matters. Accordingly, and for the purposes of compromise and settlement of all disputed claims between the parties, the parties have agreed to the entry of this Consent Order, as indicated by the signatures below.

Therefore, it is **ORDERED, ADJUDGED and DECREED** as follows:

## II. INJUNCTION

5. Consistent with the law, Defendants shall not discriminate against any individual on the basis of disability or association with an individual with a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Golden Corral of Westland restaurant by excluding or providing unequal treatment to individuals protected by the ADA.

6. Defendants shall adopt, maintain, and enforce a non-discrimination policy which covers service to customers with disabilities at the Golden Corral of Westland restaurant. This policy is subject to the approval of the United States. Within 15 days after entry of this

Consent Order, Defendants shall provide a copy of the policy to all employees of the Golden Corral of Westland restaurant and shall post a copy of the policy in the area of the restaurant where employees are given information on company policy. During the duration of this Consent Order, any employee hired to work at the Golden Corral of Westland restaurant shall be informed of the restaurant's non-discrimination policy within 24 hours of their first day of employment.

7. Within thirty (30) days of the entry of this Consent Order, Kirit Patel, Shakuntla Patel, and all current employees of the Golden Corral of Westland restaurant who interact with the public, shall undergo in-person training on their obligations under the ADA with specific emphasis on accommodating persons with less common disabilities. The training shall be conducted by an independent, qualified third-party, approved in advance by the United States (which approval shall not be unreasonably withheld), and any expense associated with this training shall be borne by Defendants. Furthermore, during the duration of this Consent Order, any employee hired to work at the Golden Corral of Westland restaurant who interacts with the public shall be similarly trained on the ADA within thirty (30) days of start of employment.

8. Within sixty (60) days of the entry of this Consent Order, Defendants shall submit a written report to counsel for the United States confirming its compliance with paragraphs 6-7, above.

9. Within ninety (90) days of the effective date of this Consent Order, Defendants shall pay the sum of Fifty Thousand Dollars ($50,000) to Danielle Duford and her minor children J.C., R.C., S.C. and A.C., to be distributed as follows:

| | |
|---|---|
| Danielle Duford | $10,000 |
| J.C. (a minor child) | $10,000 |
| R.C. (a minor child) | $10,000 |
| S.C. (a minor child) | $10,000 |

     A.C. (a minor child)   $10,000

42 U.S.C. § 12188(b)(2)(B).

  10. Prior to receiving the payment referenced in paragraph 9, Danielle Duford and a guardian ad litem acting on behalf of the minor children J.C., R.C., S.C., and A.C., will sign and return an executed "Release of All Claims" (Exh. A) to counsel for the United States for further delivery to counsel for Defendants.

  11. Within ninety (90) days of the effective date of this Consent Order, Defendants shall pay a civil penalty of Ten Thousand dollars ($10,000.00) by check made payable to the "United States of America." 42 U.S.C. § 12188(b)(2)(C). This payment will be delivered to counsel for the United States.

### III. ENFORCEMENT AND MISCELLANEOUS PROVISIONS

  12. The United States may review compliance with this Consent Order at any time for the duration of this Consent Order. Upon reasonable advance notice to Defendants (through undersigned counsel), Defendants shall permit the United States and any person acting on its behalf access to the Golden Corral of Westland restaurant to review compliance with this Consent Order at a time not interfering with guest services.

  13. Failure by the United States to enforce this Consent Order with regard to any deadline or any other provision will not be construed as a waiver of its right to do so for other deadlines and provisions of this Consent Order.

  14. This Consent Order is limited to the facts contained herein. This Consent Order does not purport to remedy any other potential violations of the ADA or any other Federal law. This Consent Order does not purport to list all violations of the Americans with Disabilities Act that may have occurred at the Golden Corral of Westland restaurant and does

not affect Defendants' continuing responsibility to comply with all aspects of the ADA.

15. This Consent Order represents the entire agreement between the United States and Defendants. No prior agreements, oral representations, or statements shall be considered part of this Consent Order.

16. All materials sent to the United States pursuant to this Consent Order shall be sent to the following address by U.S. Mail or common carrier such as Federal Express, prepaid delivery, to: Assistant United States Attorney Susan K. DeClercq, 211 W. Fort Street, Suite 2001, Detroit, Michigan 48226.

17. This Consent Order is binding on Defendants, their agents and employees. This Consent Order is also binding on any successors in interest to Defendants, and each has a duty to notify all such successors in interest.

18. This Court shall retain jurisdiction of this action for a period of two (2) years from the date of entry of this Consent Order to enforce or modify the provisions of this Consent Order, to resolve any dispute that arises under this Consent Order, and to entertain any application and issue any orders as may be necessary or appropriate for the effectuation of its terms. The parties shall discuss and attempt to negotiate a resolution of any dispute relating to the interpretation or enforcement of this Consent Order before bringing the matter to the Court's attention for resolution.

19. All parties shall bear their own costs and attorneys' fees in this action.

**SO ORDERED.**

S/Stephen J. Murphy, III

Stephen J. Murphy, III

United States District Judge

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2013, by electronic and/or ordinary mail.

                         S/Carol Cohron

                         Case Manager

By their signatures below, the parties consent to the entry of this Consent Order.

**FOR THE UNITED STATES OF AMERICA:**

| | |
|---|---|
| BARBARA L. McQUADE<br>United States Attorney<br><br>*/s/ Susan K. DeClercq*<br>SUSAN K. DeCLERCQ<br>Assistant United States Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, Michigan  48226 | THOMAS E. PEREZ<br>Assistant Attorney General<br>EVE L. HILL<br>Senior Counselor to the Assistant Attorney General<br>Civil Rights Division<br><br>REBECCA B. BOND, Chief<br>ROBERTA KIRKENDALL, Special Counsel<br>Disability Rights Section<br><br>*/s/ David W. Knight*<br>DAVID W. KNIGHT, Trial Attorney<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. – NYA<br>Washington, D.C. 20530 |

**FOR CORRAL OF WESTLAND, LLC D/B/A GOLDEN CORRAL RESTAURANT, KIRIT PATEL, AND SHAKUNTLA PATEL:**

CLARK HILL PLC

 */s/ Daniel J. Bretz* (w/consent)
DANIEL J. BRETZ
Attorney for Corral of Westland, LLC d/b/a Golden Corral Restaurant,
Kirit Patel, and Shakuntla Patel
500 Woodward Ave., Ste. 3500
Detroit, MI 48226


Dated: July 31, 2013

Exhibit A

## **RELEASE OF ALL CLAIMS**

In consideration for the parties' agreement to the terms of the Consent Order entered in *United States v. Corral of Westland, LLC, d/b/a Golden Corral Restaurant, et al.,* Civil Action 13-10717 (E.D. Mich.) and Defendants' payment of Fifty Thousand dollars ($50,000.00), pursuant to Paragraph 9 of the Consent Order, we, Danielle Duford and _____, as guardian ad litem on behalf of the minor children, J.C., R.C., S.C. and A.C., release and forever discharge all claims known or unknown up to and including the date of execution of this release that we may have against Defendants, including related entities, parents, predecessors, successors, subsidiaries and affiliates, and all of their past and present directors, officers, agents, managers, supervisors, shareholders and employees and their heirs, executors, administrators, successors or assigns.

Executed this _____ day of _____, 2013

_____      _____
DANIELLE DUFORD                         [INSERT NAME]
                                                       As guardian ad litem for the minor children,
                                                       J.C., R.C., S.C., and A.C.

As witnessed by:

_____

_____
Print name